**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| LARRY PHILPOT,<br><br>                              Plaintiff,<br><br>        - vs -<br><br>MEDIA RESEARCH CENTER INC.,<br><br>                              Defendant. | Civil No.: 1:17-cv-00822-TSE-MSN |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Media Research Center, Inc. ("MRC" or "Defendant"), submits the following Answer and Affirmative Defenses to the Complaint filed by Plaintiff, Larry Philpot ("Plaintiff"):

### ANSWER

1.      The allegations of Paragraph 1 are denied.

2.      In response to the allegations of Paragraph 2, Defendant states that such allegations constitute legal opinions to which no response is required.  To the extent that a response is required, Defendant admits that the Court has subject matter jurisdiction over this matter.

3.      In response to the allegations of Paragraph 3, Defendant states that such allegations constitute legal opinions to which no response is required.  To the extent that a response is required, Defendant admits that venue is proper in this Court.

4.      In response to the allegations of Paragraph 4, Defendant states that such allegations constitute legal opinions to which no response is required.  To the extent that a response is required, Defendant admits that the Court has personal jurisdiction over MRC.

5.     In response to the allegations of Paragraph 5, Defendant lacks sufficient information to admit or deny such allegations, and therefore denies the same.

6.     The allegations of Paragraph 6 are admitted.

7.     In response to the allegations of Paragraph 7, Defendant lacks sufficient information to admit or deny such allegations, and therefore denies the same.

8.     In response to the allegations of Paragraph 8, Defendant lacks sufficient information to admit or deny such allegations, and therefore denies the same.

9.     In response to the allegations of Paragraph 9, such allegations reference documents or public records which speak for themselves.  To the extent the allegations are inconsistent with such documents or public records, misrepresent their content or legal import, or are materially incomplete, they are denied.  As to the balance of the allegations, Defendant lacks sufficient information to admit or deny such allegations, and therefore denies the same.

10.    In response to the allegations of Paragraph 10, Defendant lacks sufficient information to admit or deny such allegations, and therefore denies the same.

11.    In response to the allegations of Paragraph 11, Defendant lacks sufficient information to admit or deny such allegations, and therefore denies the same.

12.    In response to the allegations of Paragraph 12, such allegations reference documents or public records which speak for themselves.  To the extent the allegations are inconsistent with such documents or public records, misrepresent their content or legal import, or are materially incomplete, they are denied.  As to the balance of the allegations, Defendant lacks sufficient information to admit or deny such allegations, and therefore denies the same.

13.    The allegations in the first sentence of Paragraph 13 are admitted.  The allegations in the second sentence of Paragraph 13 are denied.  To the extent the allegations reference

documents which speak for themselves.  To the extent the allegations are inconsistent with such documents, misrepresent their content or legal import, or are materially incomplete, they are denied.  As to the balance of the allegations, they are denied as stated.

14.    The allegations of Paragraph 14 are admitted.

15.    The allegations of Paragraph 15 are admitted.

16.    The allegations of Paragraph 16 are admitted.

17.    The allegations in the first sentence of Paragraph 17 are admitted.  The allegations in the second sentence of Paragraph 17 are denied.  To the extent the allegations reference documents which speak for themselves.  To the extent the allegations are inconsistent with such documents, misrepresent their content or legal import, or are materially incomplete, they are denied.  As to the balance of the allegations, they are denied as stated.

18.    The allegations of Paragraph 18 are admitted.

19.    The allegations of Paragraph 19 are admitted.

20.    The allegations of Paragraph 20 are admitted.

21.    In response to the allegations of Paragraph 21, Defendant incorporates by references its responses to Paragraphs 1 through 20, as if set forth in full herein.

22.    In response to the allegations of Paragraph 22, Defendant lacks sufficient information to admit or deny such allegations, and therefore denies the same.

23.    The allegations of Paragraph 23 are denied.

24.    The allegations of Paragraph 24 are denied.

25.    The allegations of Paragraph 25 are denied.

26.    The allegations of Paragraph 26 are denied.

27.    The allegations of Paragraph 27 are denied.

28.     The allegations of Paragraph 28 are denied.

29.     The allegations of Paragraph 29 are denied.

30.     The allegations of Paragraph 30 are denied.

31.     The allegations of Paragraph 31 are denied.

32.     The allegations of Paragraph 32 are denied.

33.     The allegations of Paragraph 33 are denied.

34.     The allegations of Paragraph 34 are denied.

35.     The allegations of Paragraph 35 are denied.

36.     The allegations of Paragraph 36 are denied.

Additionally, Defendant expressly denies any allegation included in the Complaint that is not expressly admitted herein, including without limitation Plaintiff's introductory discourse and prayers for relief.  Defendant denies that Plaintiff is entitled to the damages and relief requested in the Complaint.

### AFFIRMATIVE DEFENSES

1.     Plaintiff fails to state a cause of action against MRC upon which relief may be granted as a matter of law.

2.     Plaintiff fails to provide sufficient facts to state a viable claim against MRC upon which the relief requested may be granted.

3.     MRC denies that it is liable to Plaintiff in any amount or for any reason.

4.     Plaintiff's claims fail because MRC's use of the subject photographs constituted fair use.

5.     Plaintiff's claims are barred, in whole or in part, because he suffered no damages as a result of MRC's conduct.

6.    Any recovery by Plaintiff is barred to the extent he failed to make reasonable efforts to avoid, mitigate, or reduce its alleged damages.

7.    The Court is barred from holding MRC liable for exercising its First Amendment speech rights when using the photographs.

8.    MRC will rely upon all other defenses that are revealed by further investigation, discovery, or the presentation of evidence and reserves the right to file an amended answer or other appropriate pleading as permitted by this Court.

9.    Plaintiff's claims are barred, in whole or in part, by the defense of license and/or implied license arising from agreements between MRC and Plaintiff and/or other parties for use of the Photographs alleged in the Complaint, as well as any course of dealing with any such parties.

10.    Plaintiff's claims are barred, in whole or in part, because Defendant acted in good faith, in a reasonable manner, with non-willful intent at all relevant times herein.

11.    Plaintiff's claims are barred, in whole or in part, to the extent the copyright registration asserted by Plaintiff as covering the Photograph is invalid and/or unenforceable.

12.    Plaintiff's claims are barred, in whole or in part, by acquiescence.

13.    Plaintiff's claims are barred, in whole or in part, by estoppel.

14.    Plaintiff's claims are barred in whole or in part by the doctrine of copyright misuse.

15.    Plaintiff is not entitled to recover any of Defendant's profits because any such profits are not attributable to any alleged infringement.

WHEREFORE, Media Research Center, Inc. respectfully requests that Plaintiffs' Complaint be dismissed with prejudice as against it; that Media Research Center, Inc. be

awarded its costs and expenses, including reasonable attorneys' fees, to the extent permitted by

law; and that this Court grant such other and further relief as it deems just and appropriate.

Dated: October 20, 2017              Respectfully submitted,

                                     */s/ David A. Warrington*
                                     David A. Warrington (VSB No. 72293)
                                     Alexander R. Green (VSB No. 83937)
                                     LeClairRyan, A Professional Corporation
                                     2318 Mill Road, Suite 1100
                                     Alexandria, Virginia 22314
                                     Phone:        (703) 647-5926
                                     Facsimile:    (703) 647-5966
                                     david.warrington@leclairryan.com
                                     alexander.green@leclairryan.com

                                     **Counsel for Media Research Center Inc.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on October 20, 2017, I electronically filed the foregoing with

the Court's CM/ECF system, which will send a copy of the foregoing on the following.

Peter J. Riebling
1717 Pennsylvania Avenue, N.W.
Suite 1025
Washington, D.C. 20006-3591
peter.riebling@rieblinglaw.com
*Counsel for Larry Philpot*

*/s/ David A. Warrington*
David A. Warrington
LeClairRyan, A Professional Corporation
2318 Mill Road, Suite 1100
Alexandria, Virginia 22314
Phone: (703) 647-5926
Facsimile: (703) 647-5966
david.warrington@leclairryan.com
**Counsel for Media Research Center Inc.**